IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER SCARBOROUGH | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO: |
| DEVEREUX FOUNDATION and | : | |
| DEVEREUX PENNSYLVANIA ADULT SERVICES, | : | |
| Defendants. | : | |

**COMPLAINT AND JURY DEMAND**

I.  **INTRODUCTION:**

Christopher Scarborough (hereinafter referred to as "Plaintiff"), claims of Defendants Devereux Foundation and Devereux Pennsylvania Adult Services (hereinafter referred to as "Defendants"), a sum in excess of $150,000 in damages upon a cause of action whereof the following is a statement:

1. This action for declaratory, injunctive, monetary, and other appropriate relief is brought by Plaintiff to redress violations by Defendants of rights secured to Plaintiff by the laws of the United States of America.

2. This action arises under Title VII of the Civil Rights Acts of 1964 ("Title VII"), 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a), and is brought by Plaintiff to redress arbitrary, improper, unlawful, willful, deliberate, and intentional discrimination with respect to his compensation, terms, conditions, and privileges of employment by Defendants, based on his race (Caucasian).

## II. JURISDICTION AND VENUE:

3. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331 and Title 42 U.S.C. §2000e-5(f), which provide for original jurisdiction of Plaintiff's claim arising under the laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

4. The venue of this Court is invoked pursuant to the dictates of Title 28 U.S.C. §1391(c).

5. The supplemental jurisdiction of this Court is invoked pursuant Title 28 U.S.C. §1367, to consider Plaintiff's claims arising under the Pennsylvania Human Relations Act, 53 P.S. §951, et seq. ("PHRA").

6. All conditions precedent to the institution of this suit have been fulfilled. On November 10, 2020, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission. This action has been filed by the Plaintiff within ninety (90) days of receipt of said notice. The Plaintiff has exhausted all other jurisdictional requirements to the maintenance of this action.

## III. PARTIES

7. Plaintiff, Christopher Scarborough, is an adult citizen of the Commonwealth of Pennsylvania who resides therein at 3326 Adams Court, Bensalem, Pennsylvania.

8. Defendant, Devereux Foundation, was and is now a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania and maintains a place of business located at 139 Leopard Road, Berwyn, Pennsylvania.

9. Defendant, Devereux Pennsylvania Adult Services, was and is now a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania and maintains a place of business located at 139 Leopard Road, Berwyn, Pennsylvania.

10. At all times relevant hereto, Plaintiff was jointly employed by Defendants, who were acting through their agents, servants, and employees, who were authorized and acting within the scope of their authority, course of employment, and under the direct control of Defendants.

11. At all times material herein, Defendants have been a "person" and "employer" as defined under Title VII and the PHRA, and are subject to the provisions of each said Act.

## IV. STATEMENT OF CLAIMS

12. Plaintiff, who is Caucasian, was employed by Defendants from 2015 until on or about January 9, 2020, as a Direct Support Provider.

13. Plaintiff at all times received satisfactory reviews during the course of his employment, and prior to the events giving rise to his dismissal, was never the subject of any disciplinary action or progressive discipline.

14. On or about January 9, 2020, while transporting clientele to a certain location, Plaintiff was involved in a mutual altercation with an African-American co-worker.

15. Both Plaintiff and the said co-worker engaged in the same behaviors towards each other during the altercation, including raising their voices and using foul language.

16. Defendants assigned Hank Spitzer ("Spitzer"), a certified investigator, to conduct an investigation of the incident which occurred between Plaintiff and the said co-worker. In connection thereto, Spitzer recommended that both employees be given training on the company procedures, which led to the altercation, and that Plaintiff and said co-worker receive progressive discipline, if warranted, commensurate with the offense.

17. Notwithstanding the conclusions and reached and recommendations made by Spitzer, only Plaintiff received disciplinary action and was shortly thereafter terminated from his employment by Defendants on January 9, 2020.

18. Plaintiff believes and avers that he was subjected to differential and disparate standards of treatment on the basis of his race by being discharged for the aforesaid altercation, while the said co-workers received no discipline for his behavior.

19. Furthermore, to Plaintiff's understanding, the said co-worker has a prior disciplinary record for having in engaged in similar altercations, and was previously afforded progressive discipline in accordance with Defendants' policies. In sharp contrast, Plaintiff was never previously subjected to any disciplinary action or progressive discipline by Defendants prior to his termination.

## COUNT I
### (TITLE VII – Race Discrimination)

20. Plaintiff incorporates by reference paragraphs 1 through 19 of this Complaint fully set forth at length herein.

21. The actions of Defendants through their agents, servants, and employees, in subjecting the Plaintiff to discrimination in the terms, conditions and privileges of his employment, in failing to apply its disciplinary policies in a non-discriminatory manner, and in terminating Plaintiff's employment in a differential and disparate standard of treatment due to his race, constituted a violation of Title VII of the Civil Rights Acts of 1964 ("Title VII"), 42 U.S.C. §2000(e), et seq., as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a).

22. The Defendants' acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

23. As a direct result of Defendants' willful and unlawful actions in violation of Title VII, the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## COUNT II
### (PHRA – Race Discrimination)

24. Plaintiff incorporates by reference paragraphs 1 through 23 of this Complaint as if fully set forth at length herein.

25. The actions of the Defendants, through their agents, servants, and employees, in subjecting the Plaintiff to discrimination in the terms, conditions and privileges of his employment, in failing to apply its disciplinary policies in a non-discriminatory manner, and in terminating Plaintiff's employment in a differential and disparate standard of treatment due to his race, constituted a violation of the PHRA.

26. Defendants' acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

27. As a direct result of Defendants' willful and unlawful actions in violation of the PHRA, the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## PRAYER FOR RELIEF

28. Plaintiff repeats the allegations of paragraph 1 through 27 of this Complaint as if set forth herein at length.

**WHEREFORE**, Plaintiff requests this Court to enter judgment in his favor and against Defendants and order that:

(a) Defendants compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conduct;

(b) Defendants pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses as allowable;

(c) Defendants pay to Plaintiff punitive damages (under Title VII) pre- and post-judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

(d) The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

**LOVITZ LAW FIRM, P.C.**

By: _/s/ Kevin I. Lovitz_
KEVIN I. LOVITZ, ESQUIRE
ID # 70184
1650 Market Street, 36th Floor
Philadelphia, PA 19103
(215) 735-1996 Phone
(215) 735-1515 Fax
Attorney for Plaintiff, Christopher Scarborough